# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1406
_____

United States of America,

        Appellee,

v.

Ronald Prokupek,

        Appellant.

_____

No. 10-1512
_____

United States of America,

        Appellee,

v.

Christine McGlothlen,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeals from the United States
District Court for the
District of Nebraska.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: November 17, 2010
Filed: January 24, 2011

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

On February 29, 2008, troopers of the Nebraska State Patrol set up a ruse drug checkpoint near the Utica exit off of Interstate 80 in Seward County, Nebraska. They posted a sign indicating that there would be a drug checkpoint ahead and then positioned troopers at the next interstate exit. Trooper James Estwick stopped a vehicle occupied by Ronald Prokupek and Christine McGlothlen at the exit as it turned from the exit ramp on to a county road. According to the recording made by the camera on his cruiser's dashboard immediately after the stop, Trooper Estwick told Prokupek that "the reason you got pulled over is because when you exited the interstate you didn't signal—you didn't signal your exit [inaudible]. You signaled your turn, but you didn't signal—exit—signal when you were getting on the exit." Trooper Estwick detained Prokupek and McGlothlen, and a few minutes later Sergeant Lonnie Connelly arrived with a drug dog. Sergeant Connelly walked the dog around Prokupek and McGlothlen's car several times and then told Trooper Estwick that the dog had alerted to an open window on the driver's side door. The officers then searched the car and found 151 grams of methamphetamine in a compartment in the center armrest.

Prokupek and McGlothlen were charged with possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1), (b)(1). Both defendants moved to suppress the evidence obtained during the search, arguing, *inter alia*, that the initial stop was not supported by probable cause and that the drug dog's actions did not provide probable cause for the search of the car because the dog was not properly trained and did not provide a sufficient indication that drugs were present.

At a suppression hearing before a magistrate judge, Trooper Estwick testified that the probable cause for the traffic stop was Prokupek's failure to signal the vehicle's turn from the interstate exit ramp on to the county road. Counsel for Prokupek pressed Trooper Estwick on the inconsistency between his testimony at the suppression hearing and his contemporaneous statement, captured by his cruiser's dashboard camera, that Prokupek had signaled the vehicle's turn on to the county road but that he had stopped the vehicle based on Prokupek's failure to signal the vehicle's exit from the interstate. Trooper Estwick initially demurred, repeating several times that he stopped Prokupek simply "for failing to signal" and insisting that "I don't understand what your question is. I really don't." Finally, when Prokupek's counsel again asked him if he stopped Prokupek because "[h]e failed to signal his northbound turn onto the [county] roadway," Trooper Estwick responded, "Yes. He failed to signal," and further testified, "I couldn't see [Prokupek] when he left the Interstate. . . . I didn't see him leave the Interstate, sir."

The magistrate judge found Trooper Estwick's testimony that Prokupek failed to signal the vehicle's turn from the exit ramp to the county road credible and recommended that the motions to suppress be denied. Prokupek and McGlothlen objected to the magistrate judge's report and recommendation, arguing that Trooper Estwick's testimony was not credible because it was contradicted by his contemporaneous statement. After *de novo* review, the district court adopted the report and recommendation but did not adopt the finding that the failure to signal occurred when Prokupek turned the vehicle on to the county road. The district court instead found that "Prokupek failed to [signal] at one of the two described places." After rejecting the remaining suppression arguments, the district court denied Prokupek and McGlothlen's motions to suppress. After their motions to suppress were denied, Prokupek and McGlothlen entered conditional guilty pleas. *See* Fed. R. Crim. P. 11(a)(2). McGlothlen was sentenced to 18 months' imprisonment, and Prokupek was sentenced to 60 months' imprisonment. Both Prokupek and McGlothlen appealed the denial of their motions to suppress, arguing that both the

stop and the search of the vehicle were not supported by probable cause. Prokupek also appealed his sentence.

At oral argument before this Court, the Government conceded that probable cause for the stop could not be based on any failure to signal the vehicle's exit from the interstate on to the exit ramp because Trooper Estwick was not in a position to observe Prokupek and McGlothlen's vehicle at that time. In light of this concession, we remanded to the district court to clarify its finding that Prokupek failed to signal "at one of the two described places" but retained jurisdiction over the appeals. *United States v. Prokupek*, No. 10-1406 (8th Cir. Dec. 10, 2010). We noted that the district court had discretion on remand to engage in further proceedings and reconsider its ruling. The Government filed a motion to reopen the suppression hearing, which the district court denied. Based solely on the record of the earlier suppression hearing, the district court entered a supplemental order finding "Trooper Estwick's testimony at the suppression hearing [that Prokupek failed to signal before his turn on to the county road] to be credible." Although the court "acknowledge[d] the apparent discrepancy between Trooper Estwick's testimony and his statement on the video tape," it concluded that "his statement at the time of the traffic stop was an unintentional misstatement."

We review the district court's ultimate determination that probable cause existed *de novo*, but we review its factual findings for clear error. *United States v. Donnelly*, 475 F.3d 946, 951 (8th Cir. 2007). Although a factual finding based on a determination that a witness is credible "can virtually never be clear error," when "[d]ocuments or objective evidence . . . contradict the witness' story; or the story itself [is] so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it . . . the court of appeals may well find clear error even in a finding purportedly based on a credibility determination." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

-4-

The Fourth Amendment prohibits "unreasonable searches and seizures," and "stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth Amendment]," *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). We previously have held that reasonable suspicion for a traffic stop cannot be based solely on the fact that a driver exits an interstate after seeing a sign indicating that a drug checkpoint lies ahead. *United States v. Carpenter*, 462 F.3d 981, 986-87 (8th Cir. 2006). However, since "[a]ny traffic violation, however minor, provides probable cause for a traffic stop," *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994) (en banc), a traffic stop pursuant to a ruse checkpoint does not violate the Fourth Amendment if the driver commits a traffic violation when exiting the interstate, *United States v. Wright*, 512 F.3d 466, 471 (8th Cir. 2008). Relying on Trooper Estwick's testimony at the suppression hearing, the district court found that a traffic violation occurred when Prokupek failed to signal his turn on to the county road.

Prokupek and McGlothlen argue that this finding by the district court is clearly erroneous because Trooper Estwick's testimony at the suppression hearing that Prokupek failed to signal the vehicle's turn on to the county road is clearly contradicted by his contemporaneous statement. We agree that the two statements are contradictory. In the recording made by the dashboard camera, Trooper Estwick can be heard saying to Prokupek that "the reason you got pulled over is because when you exited the interstate you didn't signal—you didn't signal your exit." Trooper Estwick then went on to say to Prokupek that "you signaled your turn," which we are convinced can refer only to the vehicle's turn from the exit ramp on to the county road. This plainly contradicts Trooper Estwick's suppression-hearing testimony that Prokupek failed to signal his turn on to the county road.

In its supplemental order, the district court attempted to dismiss the contradiction by finding that Trooper Estwick's contemporaneous statement was "an unintentional misstatement." However, we can find no evidence in the record that supports this finding, aside from the bare fact that Trooper Estwick contradicted the

statement at the suppression hearing. Although defense counsel pressed Trooper Estwick on the inconsistency during cross-examination, Trooper Estwick offered no explanation for the inconsistency, nor did he testify that his contemporaneous statement was a misstatement. In the absence of any evidence in the record to support the district court's conclusion that Trooper Estwick misspoke at the time of the arrest, we conclude that this finding is clearly erroneous. *See United States v. Alberts*, 721 F.2d 636, 640 (8th Cir. 1983) ("[T]he [district] court's finding . . . was not supported by substantial evidence and was, thus, clearly erroneous.").

The district court's factual finding that "Prokupek failed to signal his turn before turning from the exit ramp on to the county road" is supported only by the court's determination that Trooper Estwick's testimony at the suppression hearing to that effect was credible. Because Trooper Estwick's testimony at the hearing is so clearly and affirmatively contradicted by his own statement at the time of the events, in the absence of any explanation for this contradiction that is supported by the record, we conclude that Trooper Estwick's after-the-fact testimony at the suppression hearing is "implausible on its face," *Anderson*, 470 U.S. at 575, and we are left with the "firm and definite conviction that a mistake has been made," *United States v. Pickar*, 616 F.3d 821, 827 (8th Cir. 2010) (quoting *United States v. Hines*, 387 F.3d 690, 694 (8th Cir. 2004)). We therefore hold that the district court's finding that Prokupek failed to signal the turn on to the county road is clearly erroneous. *Cf. United States v. Streater*, 70 F.3d 1314, 1321 (D.C. Cir. 1995) ("We conclude that the district court clearly erred in crediting [the witness's] testimony . . . when [the witness's] documented contemporaneous statements show the contrary.").

The Government proffers no alternative justification for the traffic stop. Therefore, the stop violated the Fourth Amendment, *see Prouse*, 440 U.S. at 653, and the drugs and drug paraphernalia that eventually were seized are tainted fruit of this violation and must be suppressed, *see Wong Sun v. United States*, 371 U.S. 471, 488 (1963). Accordingly, we reverse the district court's denial of the motions to suppress,

vacate Prokupek and McGlothlen's convictions, and remand to the district court for further proceedings not inconsistent with this opinion.[1]

_____

---

[1] Since we reverse on the basis that the initial traffic stop was unsupported by probable cause, we need not reach Prokupek and McGlothlen's other challenges to the search and Prokupek's challenge to his sentence.