# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2325

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Denzel Curtis Hodges, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 20, 2011
Filed: December 16, 2011

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Denzel Curtis Hodges entered a conditional plea of guilty to being a felon and illegal drug user in possession of a firearm. Hodges now appeals from the district court's[1] denial of his motion to suppress evidence. For the reasons stated below, we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable Jon Stuart Scoles, United States Magistrate Judge for the Northern District of Iowa.

On August 13, 2010, at approximately 9:30 p.m., Waterloo Police Officer Spencer Gann was on patrol in a high-crime area of Waterloo, Iowa, when he heard music originating from near a hotel. Officer Gann entered the hotel parking lot and stopped his patrol car near a vehicle. Hodges, the sole occupant of the vehicle, was seated in the front passenger seat with the door partially open and his right foot on the ground. As Officer Gann approached, Hodges pulled his foot into the vehicle and shut the door. Officer Gann saw Hodges make "furtive movements" and instructed Hodges to place his hands on the dashboard. Officer Gann gave this instruction three times before Hodges complied, apparently because Hodges could not hear Officer Gann's instructions over the music coming from the vehicle.

Officer Gann learned from Hodges that the owner and driver of the vehicle was "Trisha." Officer Gann also contacted dispatch to check for any outstanding warrants for Hodges. While waiting for dispatch to report back to him, Officer Gann shined his flashlight into the vehicle from different angles. Trisha eventually came out of the hotel, and Officer Gann continued to shine his light into the vehicle while conversing with her about whether she would consent to a search of the vehicle. Underneath Hodges's seat, Officer Gann noticed a shiny, black metal object that he believed to be a semiautomatic handgun. Officer Gann immediately drew his firearm, ordered Hodges out of the vehicle, and arrested him. A subsequent search of the vehicle confirmed that the object Gann observed was a firearm and revealed marijuana in the back seat. Officers also discovered a bag of marijuana on Hodges's person. Hodges later admitted ownership of these items.

Hodges appeals the district court's denial of his motion to suppress evidence derived from his seizure, including the firearm, marijuana, and statements Hodges made regarding the incident. "On appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Garcia*, 646 F.3d 1061, 1068 (8th Cir. 2011).

Hodges argues that Officer Gann seized him without a reasonable, articulable suspicion of criminal activity, *see United States v. Bowman*, 660 F.3d 338, 344 (8th Cir. 2011) (requiring reasonable, articulable suspicion for warrantless seizure), when Officer Gann required Hodges to place his hands on the dashboard, and that the evidence obtained after the seizure must therefore be suppressed. On appeal, the Government does not dispute that Officer Gann seized Hodges when he ordered Hodges to place his hands on the dashboard, so we need not address whether a seizure occurred. Assuming that the evidence Hodges seeks to suppress are fruits of this seizure, we must determine whether Officer Gann had reasonable, articulable suspicion to justify his seizure of Hodges.

Officer Gann testified that he suspected Hodges of violating section 417 of the Waterloo Traffic Code, which provides in part that

> [i]t shall be unlawful for any person to disturb or aid in disturbing the peace or quiet by operating or causing to be operated any radio, tape player, compact disk player, loudspeaker, or any other electronic device . . . in a motor vehicle . . . so as to produce an audible sound measured at least twenty-five (25) feet from the source. Measurement of the audible sound shall be by auditory senses based upon direct line of sight.

The district court found credible Officer Gann's testimony that he was more than twenty-five feet away when he first heard music emanating from the vehicle occupied by Hodges. Therefore, the district court concluded that Officer Gann had a reasonable, articulable suspicion to seize Hodges.

Hodges asserts that the district court's finding is contradicted by a recording containing images recorded by the dash camera on Officer Gann's patrol car and audio captured both by a microphone inside of the patrol car and a microphone on Officer Gann's duty belt. "Although a factual finding based on a determination that a witness is credible 'can virtually never be clear error,' when '[d]ocuments or objective

evidence . . . contradict the witness' story[,] . . . the court of appeals may well find clear error even in a finding purportedly based on a credibility determination.'" *United States v. Prokupek*, 632 F.3d 460, 462 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)). We will affirm the district court's order denying Hodges's motion to suppress evidence unless Hodges's assertion of a contradiction between the recording and the district court's finding leaves us "with a firm and definite conviction that a mistake has been made." *See United States v. Schwarte*, 645 F.3d 1022, 1028 (8th Cir. 2011) (quoting *United States v. Castellanos*, 518 F.3d 965, 969 (8th Cir. 2008)).

Hodges argues that the recording contradicts Officer Gann's testimony because the music is not perceptible on the recording until the microphone on Officer Gann's duty belt "is substantially less than 25 feet from the radio" Hodges was playing. However, our review of the recording, which the district court also reviewed, reveals that the sound of music is first captured by a microphone no later than just before Officer Gann opens the door of his patrol car, at which time he was an estimated twenty-two feet from the vehicle Hodges occupied. Contrary to Hodges's argument, this is not incompatible with the district court's finding that Officer Gann heard the music by ear at a distance beyond the twenty-five feet required by the traffic code. *See* Waterloo Traffic Code § 417 (stating that "[m]easurement of the audible sound shall be by auditory senses," which we take to mean Officer Gann's hearing).[2] Under these circumstances, we cannot say that the recording leaves us "with a firm and definite conviction that a mistake has been made." *Schwarte*, 645 F.3d at 1028 (quoting *Castellanos*, 518 F.3d at 969). Thus, the district court did not err in finding

---

[2]In his testimony, Officer Gann agreed that the recording, with an exception not relevant here, "accurately reflect[ed]" the encounter. Hodges suggests that we must, therefore, assume the recording from the microphones is identical to what Officer Gann heard with his own ears during the encounter and that Officer Gann was less than twenty-five feet away when he first heard the music. We do not agree that general authenticating testimony regarding the recording establishes such technical precision.

that Officer Gann had a reasonable, articulable suspicion that Hodges was in violation of section 417 of the Waterloo Traffic Code and was justified in seizing Hodges. *See Bowman*, 660 F.3d at 344.

Hodges next argues that the warrantless seizure of the firearm from the vehicle was improper. The Government argues that the warrantless seizure was justified under the plain view doctrine. The plain view doctrine permits the seizure of "evidence without a warrant when (1) 'the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed,' (2) the object's incriminating character is immediately apparent, and (3) the officer has 'a lawful right of access to the object itself.'" *United States v. Hughes*, 940 F.2d 1125, 1126-27 (8th Cir. 1991) (quoting *Horton v. California*, 496 U.S. 128, 136-37 (1990)).

Hodges makes three arguments challenging application of the plain view doctrine. He first contends that Officer Gann would not have been standing at his vantage point outside of the vehicle had he not unlawfully seized Hodges. This argument fails in light of our holding that the seizure was lawful. *See United States v. Gillon*, 348 F.3d 755, 759 (8th Cir. 2003). Next, he argues that Officer Gann did not have a lawful right to enter the vehicle because he did not have a warrant and Trisha never consented to a search of the vehicle. Upon seeing the firearm, however, Officer Gann was permitted to enter the vehicle under the "so-called automobile exception to the warrant requirement," which allows officers to "conduct a warrantless search of a vehicle . . . whenever probable cause exists." *United States v. Sample*, 136 F.3d 562, 564 (8th Cir. 1998). Officer Gann had probable cause to believe that Hodges possessed the firearm in violation of Iowa law. *See* Iowa Code § 724.4(1) (2011) (prohibiting, with certain exceptions, knowingly carrying or transporting a pistol in a vehicle); *United States v. Brown*, 217 F.3d 605, 607 (8th Cir. 2000). Finally, Hodges contends that the firearm was not in "plain view" because it was dark and Officer Gann had to use a flashlight to discover the weapon. An object

can be in plain view, however, even when a flashlight is required to see the object. *United States v. Hatten*, 68 F.3d 257, 261 (8th Cir. 1995). Although Hodges argues that *Hatten* is distinguishable based on a difference in how long the flashlight was used, he cites no authority to support his position, and we reject his argument.

For these reasons, we hold that the district court did not err in denying Hodges's motion to suppress.

_____