**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4845**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BRANDON SOLOMON, a/k/a Fresh,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:13-cr-00277-1)

———————

Submitted: June 17, 2015        Decided: June 25, 2015

———————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, C. Haley Bunn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Solomon appeals the district court's judgment revoking his term of supervised release and sentencing him to a term of 18 months' imprisonment. Solomon argues that the district court clearly erred when it found that two witnesses credibly identified him as the perpetrator of the armed robbery that precipitated the revocation. Finding no error, we affirm the district court's judgment.

To revoke supervised release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion" and its "factual findings underlying a revocation for clear error." United States v. Padgett, ___ F.3d ___, ____, Nos. 14-4625, 14-4627, 2015 WL 3561289, at *1 (4th Cir. June 9, 2015). Credibility determinations made by the district court at revocation hearings rarely are reversed on appeal. See United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010) ("Witness credibility is quintessentially a judgment call and virtually unassailable on appeal." (internal quotation marks omitted)). However, "when documents or objective evidence contradict the witness' story; or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it[,]

2

the court of appeals may well find clear error even in a finding purportedly based on a credibility determination." United States v. Prokupek, 632 F.3d 460, 462 (8th Cir. 2011) (internal quotation marks, brackets, and ellipses omitted).

Having reviewed the transcript and record of Solomon's revocation hearing, we conclude that the district court did not clearly err when it found that Solomon participated in the armed robbery and possessed a firearm during the robbery. Although the witnesses admitted consuming alcohol before the robbery and video evidence established that the victims did not correctly identify the color of the clothing worn by the robbers, these facts neither rendered the identifications implausible nor prevented a reasonable trier of fact from relying on the identifications to find it more likely than not that Solomon participated in the armed robbery. Cf. Fowler v. Joyner, 753 F.3d 446, 454 (4th Cir. 2014) (concluding that existence of "some questionable feature" in identification testimony does not preclude trier of fact from giving weight to identification (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3