**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4092**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

QUENTON JAMALL THOMPSON,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:18-cr-00741-MGL-1)

Submitted: August 15, 2019                     Decided: August 21, 2019

Before KING and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Benjamin Neale Garner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quenton Jamall Thompson appeals from the district court's order revoking his supervised release and imposing a sentence of 18 months in prison. On appeal, Thompson contends that the district court clearly erred by finding that Thompson had committed new criminal conduct. We affirm.

We review the district court's "ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). The preponderance of the evidence standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

We review a district court's "factual findings underlying a revocation for clear error." *Padgett*, 788 F.3d at 373. "Clear error occurs when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (alteration omitted) (internal quotation marks omitted). Credibility determinations made by the district court at revocation hearings rarely are reversed on appeal. *See United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010) ("Witness credibility is quintessentially a judgment call and virtually unassailable on appeal." (internal quotation marks omitted)). However, "when documents or objective evidence . . . contradict the witness' story; or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it . . . the court of appeals may well find

2

clear error even in a finding purportedly based on a credibility determination." *United States v. Prokupek*, 632 F.3d 460, 462 (8th Cir. 2011) (alterations omitted) (internal quotation marks omitted).

Sharon Carree testified that Thompson punched her in the face, pushed her to the ground causing her glasses to break, broke her cellular phone, and then forced her to drive him back to his mother's residence. Thompson contends on appeal that Carree's story is not supported by any physical evidence. He also asserts that certain inconsistencies "strain credulity."

However, Carree's mother corroborated parts of Carree's testimony. Further, the inconsistencies Thompson points out neither rendered Carree's testimony implausible nor prevented a reasonable trier of fact from relying on her testimony to find that it was more likely than not that Thompson committed the criminal acts alleged. *Cf. United States v. Moses*, 540 F.3d 263, 268-69 (4th Cir. 2008) ("We owe particular deference to the district court's credibility findings, as the court is in a much better position to evaluate those matters."); *United States v. Whalen*, 82 F.3d 528, 532 (1st Cir. 1996) ("It is within a factfinder's discretion to credit portions of a witness' testimony even though it finds other portions dubious.").

Accordingly, we conclude that the district court did not abuse its discretion in revoking Thompson's supervised release. Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3