# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2089
_____

United States of America

*Plaintiff - Appellee*

v.

Jenifer Wahl

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: February 13, 2025
Filed: June 13, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, BENTON and STRAS, Circuit Judges.
_____

PER CURIAM.

After officers found drugs in Jenifer Wahl's minivan and apartment, she conditionally pleaded guilty to conspiring to distribute a controlled substance. *See* 21 U.S.C. §§ 841(a)(1), 846. Although she raises several objections to her conviction and sentence, we affirm.

I.

Officers suspected Wahl was dealing drugs based on incriminating Facebook messages. They eventually tracked her to Deadwood, South Dakota, where an officer spotted her minivan making an illegal right turn.

A traffic stop led to the discovery of drugs after a detection dog alerted as it walked around the vehicle. Found inside were about an ounce of cocaine, an ounce of methamphetamine, and some drug paraphernalia. A search of her apartment uncovered more drugs, a firearm, boxes of ammunition, and over $14,000 in cash. In her agreement to plead guilty to conspiracy, she specifically reserved the right to appeal the denial of a motion to suppress the drugs and other evidence the officers collected.

II.

Wahl argues that she never made an illegal right turn, so the officer had no "reasonable suspicion or probable cause" to stop her. *United States v. Hollins*, 685 F.3d 703, 706 (8th Cir. 2012) (citation omitted); *see id.* at 705 (reviewing "factual findings for clear error[] and questions of . . . law de novo"). According to her, the officer was not able to see clearly from his position, so he could not have known whether she crossed the center line. For that reason, she wants us to disregard his testimony, which provided the only justification for the stop.

The district court[1] declined to do so, and so do we. There was a specific finding that, even though "a sidewalk and two lanes of traffic" separated the officer from Wahl's minivan, "it [was] hard to imagine a vantage point," other than in the roadway itself, where he would have "had a clearer view." This type of credibility

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, presided over the guilt phase of the case.

determination is "quintessentially a judgment call" that we will rarely overturn on appeal. *United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010) (citation omitted).

Nor do the factual gaps in the officer's initial report change our conclusion. Despite some omissions and a typo, the district court credited his account, finding that his testimony "was clear." *See id.* In short, nothing here suggests that what he said was "implausible on its face" or that it was clearly erroneous to rely on it. *United States v. Prokupek*, 632 F.3d 460, 462 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)); *see United States v. Sistrunk*, 612 F.3d 988, 991 (8th Cir. 2010) (noting that we may reverse a factual finding "only if we have a definite and firm conviction" that a mistake was made (citation omitted)).

## III.

The same goes for Wahl's challenges to the district court's[2] findings at sentencing. In the absence of a written objection to a fact in the presentence investigation report, our review is for plain error. *See* Fed. R. Crim. P. 32(f)(1) (requiring objections to be "state[d] in writing"); *United States v. Combs*, 44 F.4th 815, 818 (8th Cir. 2022) (per curiam). Otherwise, it is for clear error. *See United States v. Jenkins*, 578 F.3d 745, 749 (8th Cir. 2009).

## A.

The first finding, regarding the *weight* of the marijuana found in her apartment, was never the subject of a written objection. Whether we review for plain or clear error makes no difference, however, because Wahl has not shown why "six or seven glass jars" could not have held about a pound of marijuana. She presented no contrary evidence, and by failing to object in writing, she deprived the government of "notice" that it needed to do more than simply rely on the presentence

---

[2]The Honorable Jonathan A. Kobes, United States Circuit Judge for the Eighth Circuit, sitting by designation, presided over the sentencing phase of the case.

investigation report. *United States v. Sorrells*, 432 F.3d 836, 838 (8th Cir. 2005); *see United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999) (noting that, "unless a defendant objects to a specific factual allegation contained in the [report], the court may accept that fact as true for sentencing purposes").

Wahl preserved her objections to the weight of the other drugs, but it does not matter. Between Facebook messages and the testimony of an officer who described Wahl's drug-dealing activities, there was enough for the district court to find that "approximately 14 ounces" was a "conservative" estimate of what she sold, especially absent anything suggesting otherwise. *See Cates*, 613 F.3d at 858.

Finally, the fact that officers found a gun near her drug and cash stash supported a two-level enhancement for possessing "a dangerous weapon." U.S.S.G. § 2D1.1(b)(1). Placing a firearm around drugs is generally enough to suggest it is connected to a drug crime. *See United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). This case is no exception.[3]

IV.

We also reject the remaining challenge, which is to the substantive reasonableness of Wahl's sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing for an abuse of discretion). In giving her 60 months, which was below the Sentencing Guidelines range, the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020) (explaining that "disagree[ment] with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for reversal" (citation omitted)).

---

[3]Wahl also takes issue with the denial of a zero-point-offender reduction, *see* U.S.S.G. § 4C1.1, but concedes that it does not apply if we affirm the dangerous-weapon enhancement, *see id.* (a)(7).

## V.

We accordingly affirm the judgment of the district court.

_____