**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4651**

_____

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

CEDRIC ANTONIO MCINNIS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cr-00338-TLW-2)

_____

Submitted:  March 19, 2012            Decided:  April 10, 2012

_____

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Rogers, Assistant Federal Public Defender, Wilder
Harte, Second Year Law Student, FEDERAL PUBLIC DEFENDER'S
OFFICE, Columbia, South Carolina, for Appellant.  William N.
Nettles, United States Attorney, Jimmie Ewing, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a hearing, the district court found that Cedric McInnis had violated the terms of his supervised release. The court revoked release and imposed a thirty-six-month sentence. McInnis now appeals. We affirm.


I

Testimony at the revocation hearing established that on January 14, 2011, two armed men invaded the home of Beatrice Quick in Hamlet, North Carolina. Quick and her adult son, William, had ample time to observe the intruders, who were in the house for approximately thirty minutes. During that time, the victims were subdued, tied, and held at gunpoint. Mrs. Quick was kicked and choked. The home was ransacked: the intruders punched a hole in a wall; and one intruder shot into the kitchen floor. The intruders fled in a Dodge Charger with a safe they stole from the house.

Mrs. Quick identified McInnis without hesitation when she was shown a photographic array that included McInnis' photograph. When William Quick was shown a photographic array approximately two weeks later, he also immediately identified McInnis as an intruder. The two victims positively identified McInnis at the revocation hearing. Additionally, authorities who searched McInnis' residence discovered a handgun and a blue

2

light. The victims told authorities that the car in which the intruders fled had a blue light on the dashboard, making them believe at first that the intruders were law enforcement officers.

On the basis of the above evidence, the district court found by a preponderance of the evidence that McInnis was one of the two home invaders. The court concluded that he had committed the release violations as charged,[*] and the court accordingly revoked release.

II

McInnis contends on appeal that the district court erred in finding that he was one of the two intruders. We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir 1992). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (2006). This burden "simply requires the trier of fact to believe that

---

[*] McInnis was charged with: committing new criminal conduct (first degree kidnapping and robbery with a dangerous weapon); committing new criminal conduct (second degree kidnapping); and leaving the state without permission. On appeal, McInnis challenges the sufficiency of the evidence only with respect to the first two charges.

the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). At a revocation proceeding, "the traditional rules of evidence are inapplicable, and the full panoply of constitutional protections afforded a criminal defendant is not available." United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999) (internal quotation marks and citation omitted). We review for clear error factual findings underlying the conclusion that a violation of supervised release occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). Credibility determinations made by the district court at revocation hearings are rarely reviewable on appeal. United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010).

In light of the evidence summarized above, and especially in the face of the identification by both victims of McInnis as one of the intruders, we conclude that the court did not clearly err in finding that McInnis was one of the men who committed the home invasion. Nor did the court abuse its discretion in revoking release.

## III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented

4

in the materials before the court and argument would not aid the decisional process.

AFFIRMED