**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4285**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CORNELIUS RAY WOODS, a/k/a Jimmy Corn,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   James A. Beaty, Jr., Senior District Judge.   (1:98-cr-00287-JAB-1)

Submitted:  January 14, 2016          Decided:  January 19, 2016

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Eric L. Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Ray Woods appeals the district court's judgment revoking his supervised release and sentencing him to 60 months' imprisonment. On appeal, Woods contends that the district court clearly erred by finding that he committed a Grade A violation of the terms of his supervised release and that the 60-month term of imprisonment was plainly unreasonable. We affirm.

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This standard is met when the court "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). "[W]e review a district court's factual findings underlying a revocation for clear error." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, ___ S. Ct. ___, 84 U.S.L.W. 3258 (2015). There is clear error if, after reviewing the record, we are "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted).

We conclude that the district court did not clearly err by finding by a preponderance of the evidence that Woods committed a Grade A violation of supervised release by committing a violent

felony. The court heard testimony from several witnesses that Woods lured the victim to a hotel room and, when the victim entered, Woods aimed a firearm at the victim. The victim tried to knock the gun from Woods' hand and the gun discharged, shooting the victim in the thigh. Video footage from the hotel showed the victim retreating from the room and running down the hall and Woods, armed with a firearm, chasing the victim. Although Woods denied possessing a firearm and challenged the credibility of the witnesses, we defer to the district court's decision to credit the victims' testimony over Woods'. See United States v. McInnis, 474 F. App'x 917, 919 (4th Cir. 2012) (holding that credibility determinations made by district court at revocation hearings are rarely reviewable on appeal) (citing United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010)).

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm the sentence if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Only if we conclude that the sentence is unreasonable must we decide whether it is plainly so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). We presume that a sentence within the Chapter Seven policy statement range is reasonable. Webb, 738 F.3d at 642.

We have reviewed the record and conclude that Woods' sentence is both within the statutory maximum and the policy statement range for a Grade A violation, and he fails to rebut the presumption that it is reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>