**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4724**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JUSTIN MATHEW RHODES,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00240-TDS-7)

─────────────

Submitted:  April 28, 2014        Decided:  July 10, 2014

─────────────

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Dianne J. McVay, JONES MCVAY LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Mathew Rhodes appeals the district court's judgment revoking his supervised release and sentencing him to two consecutive terms of eleven months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by: (1) finding by a preponderance of the evidence that Rhodes engaged in new criminal conduct; and (2) sentencing Rhodes to consecutive terms of imprisonment after revoking concurrent terms of supervised release. Rhodes was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This standard is met when the court "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). There is clear error if, after reviewing

2

the record, we are "left with the definite and firm conviction that a mistake has been committed." <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).

We conclude that the district court did not clearly err by finding by a preponderance of the evidence that Rhodes engaged in new criminal conduct. The district court based its finding that Rhodes participated in the theft of a television on testimony the court found credible, and Rhodes offers no argument that undermines the court's credibility determination. <u>See</u> <u>United States v. Cates</u>, 613 F.3d 856, 858 (8th Cir. 2010) (holding that credibility determinations made by district court at revocation hearings are rarely reviewable on appeal). Because the district court found by a preponderance of the evidence that Rhodes engaged in new criminal conduct and Rhodes admitted to violating two additional terms of his supervised release, we conclude that the district court did not err by revoking Rhodes' supervised release.

We also conclude that, pursuant to our long-established precedent, the district court did not err by imposing consecutive terms of imprisonment upon revocation of concurrent terms of supervised release. <u>United States v. Johnson</u>, 138 F.3d 115, 118-19 (4th Cir. 1998).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rhodes, in writing, of his right to petition the Supreme Court of the United States for further review. If Rhodes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rhodes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>