# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3181

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Gary John Cates, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2010
Filed: July 30, 2010

_____

Before RILEY, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

RILEY, Chief Judge.

While on supervised release for drug and firearms charges, Gary John Cates tested positive on three separate occasions for marijuana use. The district court[1] revoked Cates's supervised release and sentenced him to 11 months imprisonment and 3 years supervised release. Cates appeals his revocation sentence, and we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

## I. BACKGROUND

In August 1997, Cates pled guilty to (1) being a felon in possession of a firearm, (2) possession of a sawed-off shotgun, (3) distribution of methamphetamine, and (4) conspiracy to distribute methamphetamine. Cates was sentenced to concurrent terms of 144 months and 120 months imprisonment followed by 4 years of supervised release. Cates began serving his term of supervised release in January 2008. In April, May, and June 2009, Cates tested positive for marijuana use. In July 2009, Cates's probation officer filed a petition to revoke Cates's supervised release, and Cates was summoned to appear before the district court. On the morning of the revocation hearing, Cates tested presumptively positive for marijuana,[2] causing the district court to continue the hearing to September 2009.

A week before the second hearing, and on the day of the hearing, Cates again tested presumptively positive for marijuana. At the hearing, Cates admitted he used marijuana twice in early April 2009. Cates, who has cancer, testified his oncologist told him "they were using marijuana, experimenting with marijuana" to alleviate the pain associated with cancer. Cates mentioned this to a friend who came to visit in April 2009, and the friend happened to have marijuana in his possession. Cates contends he smoked the marijuana with his friend, and again the next day with his friend's son, to alleviate his cancer-related pain. Cates denied he "deliberately" or "knowingly" used marijuana after April 2009. Cates testified he smoked a pipe every morning as part of a Native American religious ritual. Cates claimed he had borrowed a pipe from his son in March, and later learned his son's roommates had used the pipe to smoke marijuana. Cates suggested this may explain why he was testing positive for marijuana. Cates reported he had not used the pipe in over a month.

---

[2]Cates's urine sample was sent to a laboratory for further testing. The laboratory reported Cates tested negative for marijuana. The probation officer suggested the discrepancy was due to the laboratory reporting negative results when the level of marijuana fell below fifteen nanograms per milliliter, and the probation office uses a lower cutoff level.

The district court did not believe Cates's explanation for the positive marijuana tests and determined Cates possessed the marijuana which constituted a grade A violation of supervised release. Because Cates was on supervised release for a class A felony and had a criminal history category of VI, the district court calculated Cates's advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.) range as 51 to 63 months imprisonment. See U.S.S.G. § 7B1.4(a)(2). After considering all of the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Cates to 11 months imprisonment and 3 years supervised release. The government queried whether the district court would impose the same sentence if Cates's possession of marijuana were a grade C violation. The district court declared, "[E]ven if it were a grade C as opposed to a grade A, my sentence would have been the same after considering [the § 3553(a) factors]."

Cates appeals his revocation sentence, arguing the district court erred in (1) discrediting Cates's explanation for the positive marijuana tests, (2) improperly weighing the 18 U.S.C. § 3553(a) factors, (3) inadequately explaining Cates's sentence, and (4) imposing an unreasonable sentence.

## II.   DISCUSSION

"We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions," that is, abuse of discretion. United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009) (citing United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005).

> In reviewing for abuse of discretion, we must first ensure that the court committed no significant procedural error, such as improperly calculating the sentence under the Guidelines, failing to consider relevant 18 U.S.C. § 3553(a) sentencing factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the reasons for the sentence imposed.

Id. (citing Gall v. United States, 552 U.S. 38, 51 (2007).

## A.    Credibility Determination

Cates first contends the district court erred in disbelieving Cates's explanation for the positive marijuana tests.  Cates suggests the district court's credibility determination was based on speculation and factual error.  The district court found Cates's explanation was "unpersuasive and just an excuse" because Cates had used marijuana on and off for several years "and he would certainly be able to feel the effects of marijuana if he smoked."  The district court also expressed doubt Cates would not have tested positive for marijuana until April if he started using the allegedly marijuana tainted pipe in March.  The district court declared, "That makes no sense.  I don't believe it."

"Witness credibility is quintessentially a judgment call and virtually unassailable on appeal."  United States v. Bolden, 596 F.3d 976, 982 (8th Cir. 2010) (internal quotation marks omitted).  "Our review, then, is not to determine what conclusion we might reach in the case were we to sit as the finders of fact, but to determine whether the district court's factual findings amount to clear error."  United States v. Jones, 539 F.3d 895, 897 (8th Cir. 2008).  We conclude the district court had valid and sufficient reasons to disbelieve Cates's explanation for the positive marijuana tests, and, therefore, did not clearly err in finding Cates possessed marijuana.

## B.    Procedural Error

Before we address Cates's substantive reasonableness argument, we must first address the district court's Guidelines calculations. Cates asserts, and the government concedes, the district court procedurally erred in finding Cates's possession of marijuana was a grade A violation of supervised release.  Under U.S.S.G. § 7B1.1(a)(1), controlled substance offenses punishable by more than one year of imprisonment are grade A violations, but under § 4B1.2(b), mere possession of a controlled substance does not constitute a controlled substance offense. See U.S.S.G.

§ 4B1.2(b); see also U.S.S.G. § 7B1.1 cmt. n.3 (referring to § 4B1.2(b)'s definition of a controlled substance offense). Cates had prior drug convictions, making his April 2009 drug possession offense a felony and a grade B violation of supervised release. See 21 U.S.C. § 844(a); U.S.S.G. § 7B1.1(a)(2). Thus, the district court procedurally erred in finding it was a grade A violation. However, because the district court declared it would impose the same sentence even if Cates's possession of marijuana were not a grade A violation, the district court's procedural error was harmless. See United States v. Shuler, 598 F.3d 444, 447 (8th Cir. 2010) (finding a district court's procedural error in imposing an upward departure was harmless where the district court explicitly stated it would have imposed the same sentence regardless of whether the district court had imposed the upward departure).

Cates also contends the district court procedurally erred by improperly weighing the 18 U.S.C. § 3553(a) factors and inadequately explaining the basis of its sentence. Because Cates did not raise these objections in the district court, we review for plain error. See Miller, 557 F.3d at 916. "To establish plain error, [Cates] must prove that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Id. "We will exercise our discretion to correct such an error only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). We find no plain error in the district court's explanation or weighing of the factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("'[W]e do not require a district court to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.'" (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009))); see also Rita v. United States, 551 U.S. 338, 358-59 (2007).

### C.    Substantive Reasonableness

Finally, Cates contends the district court imposed a substantively unreasonable sentence. Cates had prior drug convictions, making his April 2009 drug possession

offense a felony.  <u>See</u> 21 U.S.C. § 844(a).  Therefore, Cates committed a grade B violation, and his advisory Guidelines range was 21 to 27 months imprisonment.  <u>See</u> U.S.S.G. §§ 7B1.1(a)(2) and 7B1.4(a).  "[G]iv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" Cates's sentence, <u>Gall</u>, 552 at 51, our careful review of the record and Cates's sentence reveals no abuse of the district court's considerable sentencing discretion and no basis for concluding Cates's below-Guidelines sentence is substantively unreasonable.

## III.   CONCLUSION

We affirm the district court's judgment.

_____