**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4233**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TYVONE MAURICE SMITH,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00306-RJC-CH-1)

———————

Submitted:  August 25, 2011      Decided:  September 20, 2011

———————

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyvone Maurice Smith was convicted of violating the terms of his supervised release and was sentenced to twenty-one months in prison. Smith now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Counsel questions, however, whether the evidence supported a finding that Smith violated the terms of his release and whether the sentence is plainly unreasonable. Smith has filed a pro se brief, with supplements, raising additional issues. We affirm.

Smith initially contends that there was insufficient evidence upon which to find that he violated the terms of release. We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir 1992). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2011). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual findings underlying the conclusion that a violation of supervised release occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

2

Credibility determinations made by the district court at revocation hearings are rarely reviewable. United States v. Cates, 613 F.3d 856, 858 (6th Cir. 2010).

At Smith's revocation hearing, an officer testified that, when a search warrant was executed at a residence in Charlotte, North Carolina, Smith fled through the back door of the house. The officer stated that he ordered Smith to stop and lie on the ground. As Smith complied, the officer saw him place a bag containing ten individually wrapped packages of crack cocaine on the ground near a fence post. Additionally, Smith had a package of crack in one of his pockets. The officer also testified that a confidential informant had recently purchased crack from a different individual inside the residence.

Based on this testimony, which the district court found credible, the court determined that the United States had more than met its evidentiary burden, stating that the evidence that Smith had violated the terms of release was overwhelming. See United States v. Ruiz-Gea, 340 F.3d 1181, 1189 (10th Cir. 2003). After reviewing the record and giving due deference to the district court's credibility determination in favor of the officer, we conclude that the court did not clearly err in finding that Smith violated the terms of release. Further, in light of the statutory requirement that release be revoked when the defendant possesses a controlled substance, see 18 U.S.C.A.

3

§ 3583(g)(1) (West Supp. 2011), revocation of Smith's supervised release was not an abuse of discretion.

Smith also contends that his twenty-one-month sentence is unreasonable. A sentence imposed following revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). Smith's sentence is below the statutory maximum of twenty-four months. See 18 U.S.C.A. § 3583(e)(3). Further, the sentence is procedurally reasonable: the district court considered both the Chapter 7 policy statements and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors that it was permitted to consider. See Crudup, 461 F.3d at 438-40.[1]  Finally, the sentence is

---

[1] Smith was found to have committed a Grade A supervised release violation. His criminal history category was II, and his recommended Guidelines range was 15-21 months. See U.S. Sentencing Guidelines Manual § 7B1.4(a)(1), p.s. (2010). In his supplemental brief, Smith claims that he should have been found to have committed a Grade B — not a Grade A — violation of release. He is incorrect. Under the Guidelines, his possession of a significant quantity of individually wrapped packages of crack cocaine qualifies as a Grade A violation. See USSG § 7B1.1(a)(1)(A)(ii).  Additionally, it is immaterial for purposes of supervised release revocation that Smith was not convicted of the drug offenses alleged in the petition seeking revocation of release. See USSG § 7B1.1, comment. (n.1); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir. 1991).

4

substantively reasonable, for the court adequately explained its reasons for imposing the sentence.  See id. at 440.[2]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Our review of the record discloses that the district court did not, as Smith argues in his supplemental brief, primarily base the selected sentence on a person having been shot in connection with Smith's original firearms offense.  Rather, the sentence was based upon such factors as the destructive impact of Smith's drug trafficking on his community and other aspects of his criminal past, including his having breached the trust of the court by violating the terms of release after the court gave him a lenient sentence for the firearms offense.