**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4343**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

FABIAN WILLIAMS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:08-cr-01146-HMH-1)

———————

Submitted: September 18, 2012    Decided: September 21, 2012

———————

Before WYNN, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fabian Williams was convicted of violating the terms of his supervised release and was sentenced to twenty-one months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Although he was advised of his right to file a pro se brief, Williams has not filed such a brief. We affirm.

I

Williams first contends that there was insufficient evidence upon which to find that he violated the terms of his release. We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir 1992). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2011). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual findings underlying the conclusion that a violation of supervised release occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

2

Credibility determinations made by the district court at revocation hearings are rarely reviewable. <u>United States v. Cates</u>, 613 F.3d 856, 858 (6th Cir. 2010).

At Williams' revocation hearing, an officer testified that he detected a strong smell of marijuana inside the vehicle Williams was driving. Williams attempted to flee the scene, and a struggle, during which the officer was injured, ensued. Officers recovered from the vehicle a number of empty baggies, 250 grams of marijuana packaged in baggies, and digital scales. Additionally, officers found $482 in cash on Williams' person. The officer testified that the manner in which the marijuana was packaged, the presence of scales, and the cash were associated with marijuana distribution.

Based on this testimony, we conclude that the court did not clearly err in finding that Williams possessed the marijuana with intent to distribute it and assaulted the officer, thereby violating the terms of release. Further, in light of the statutory requirement that release be revoked when the defendant possesses a controlled substance, <u>see</u> 18 U.S.C.A. § 3583(g)(1) (West Supp. 2011), revocation of supervised release was not an abuse of discretion.

II

Williams also contends that his twenty-one-month sentence is unreasonable. A sentence imposed following revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). Williams' sentence is below the statutory maximum of twenty-four months. See 18 U.S.C.A. § 3583(e)(3). Further, the sentence is procedurally reasonable: the district court considered both the Chapter 7 policy statements and the 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors that it was permitted to consider. See Crudup, 461 F.3d at 438-40. Finally, the sentence is substantively reasonable, for the court adequately explained its reasons for imposing the sentence, noting especially that Williams attempted to harm the officer. See id. at 440.

III

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes

4

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED