**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4318**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

CHRISTOPHER DAMEON SMITH,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:02-cr-01051-HMH-15)

———————

Submitted:  October 9, 2013      Decided:  October 21, 2013

———————

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Dameon Smith appeals the district court's judgment revoking his supervised release and sentencing him to thirty-seven months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court abused its discretion by revoking Smith's supervised release. Smith was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

We review the district court's revocation of supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This standard is met when the court "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

Moreover, credibility determinations made by the district court at revocation hearings are rarely reviewable on appeal. <u>United States v. Cates</u>, 613 F.3d 856, 858 (8th Cir. 2010).

With these standards in mind, we have carefully reviewed the record and conclude that the district court did not clearly err by finding by a preponderance of the evidence that Smith engaged in new criminal conduct. Not only was the victim's testimony sufficiently corroborated by the testimony of the other witnesses, but also the court had ample reason to find Smith's version of events incredible. Accordingly, we affirm the revocation of Smith's supervised release.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of his right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

AFFIRMED