**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4950**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

BRODERICK F. JONES,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:05-cr-00253-REP-1)

Submitted:  May 29, 2014            Decided:  June 20, 2014

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Caroline S.
Platt, Appellate Attorney, Robert J. Wagner, Assistant Federal
Public Defender, Alexandria, Virginia, for Appellant.  Dana J.
Boente, Acting United States Attorney, Christopher D. Jackson,
Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Broderick F. Jones appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months of imprisonment. He raises two issues on appeal: (1) whether the district court abused its discretion by admitting hearsay statements without complying with Fed. R. Crim. P. 32.1 and this court's opinion in United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012), and (2) whether sufficient evidence supports his violation. For the reasons that follow, we affirm.

Jones argues that the district court erred by permitting hearsay evidence in the form of a video recording of the drug purchase at issue made by a confidential informant ("CI"), rather than presenting the testimony of the CI himself. A defendant at a revocation hearing has the right to confront and cross-examine adverse witnesses "unless the hearing officer specifically finds good cause for not allowing confrontation." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). The parameters of this right are established in Rule 32.1(b)(2)(C), which states that a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Id.; see Doswell, 670 F.3d at 530. The Doswell opinion requires that the district court "balance the releasee's interest in confronting an adverse

2

witness against any proffered good cause for denying such confrontation." 670 F.3d at 530. If the evidence is reliable and the Government's explanation for not producing the witness is satisfactory, the hearsay evidence will likely be admissible under Rule 32.1. Id. at 531. Applying these standards, we conclude that the district court did not abuse its discretion in allowing the video evidence without the live testimony of the CI, who was unavailable at trial.

Regarding the second issue, we review the district court's revocation of supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); see United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This standard is met when a court "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual determinations underlying the conclusion that a violation occurred, United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003), and credibility determinations made by the district court at revocation hearings are rarely reviewable on appeal. United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010).

With these standards in mind, we have carefully reviewed the record and conclude that the district court did not clearly err in finding, by a preponderance of the evidence, that Jones engaged in new criminal conduct, here assisting in the distribution of heroin to the CI as part of a drug conspiracy. The video recording of the heroin purchased supports the district court's findings along with the testimony of two officers who witnessed the drug purchase. The court had ample reason to find that defense counsel's explanation, that Jones could have been handing his coconspirator Thomas Henry something other than drugs or money, was not particularly persuasive.

Accordingly, we affirm the revocation of Jones' supervised release. We dispense with oral argument because the facts and legal contentions are adequately represented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4