**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4953**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ILLES WILLIAMS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge. (1:06-cr-00020-IMK-JSK-4)

———————

Submitted: July 29, 2014        Decided: August 4, 2014

———————

Before GREGORY and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Kristen Leddy, Research and Writing Specialist, L. Richard Walker, Senior Litigator, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Illes Williams appeals the district court's judgment revoking his supervised release and imposing a twelve-month prison term. Williams' sole appellate contention is that the evidence was insufficient to support the district court's finding that he violated the conditions of his supervised release. For the reasons that follow, we affirm.

We review a district court's judgment revoking supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This standard is met when the court "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). Appellate courts review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

As a condition of supervised release, Williams was prohibited from committing another federal, state, or local crime. The district court revoked Williams' supervised release

2

based on its findings that Williams violated this condition by knowingly providing false information about his prior driver's license suspensions/revocations on two West Virginia driver's license applications, both of which he prepared while on supervised release. Under West Virginia law, "[a]ny person who makes any false affidavit, or knowingly swears or affirms falsely to any matter or thing required by the terms of this Chapter [(W. Va. Code § 17B (Motor Vehicle Driver's Licenses)] is guilty of perjury." W. Va. Code Ann. § 17B-4-2 (LexisNexis 2013).

Williams does not dispute that his driver's license was suspended or revoked at the time he completed the driver's license applications. Nor does he deny that he stated on his applications that he had not experienced a revocation or a suspension. Instead, he contends that the evidence was not sufficient to establish that he knew his license was revoked or suspended and hence was not sufficient to show that he knowingly made a false statement.

Williams' defense theory was that, before 2011, he had only applied for, and received, a learner's permit, and therefore, having never held a permanent driver's license, he was unaware when he filled out the applications in 2011 and 2012 that his driver's license had been suspended years earlier. However, Williams had pleaded guilty to and been convicted of

3

driving suspended/revoked prior to completing the two driver's license applications. The district court thus found that Williams' claim of ignorance was incredible, and we defer to this credibility determination. United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010). Taken in the light most favorable to the Government, United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), we conclude that the Government proffered ample evidence to satisfy its burden of proof that Williams knowingly affirmed falsely that he had no prior suspensions or revocations.

Accordingly, we conclude that a preponderance of the evidence established that Williams committed perjury and hence violated the conditions of his supervised release. We therefore affirm the district court's judgment revoking Williams' term of supervised release and imposing a twelve-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED