**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4308**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

JOHN WALTER TRALA, a/k/a Sonny, a/k/a Walter John Trala,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
Chief District Judge. (5:13-cr-00282-D-1)

Submitted:  January 23, 2015        Decided:  January 28, 2015

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Thomas G. Walker, United States Attorney, Jennifer P.
May-Parker, Phillip A. Rubin, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a hearing, the district court found that John Walter Trala violated the terms of his supervised release. The court revoked release and imposed a twenty-four-month sentence. Trala now appeals. We affirm.

I

The motion for revocation of supervised release charged two violations of release. First, Trala was alleged to have received stolen goods or property. Second, he was alleged to have possessed a firearm while a felon and to have possessed a stolen firearm. The district court found by a preponderance of the evidence that Trala violated both conditions of release.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir 1992). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual findings underlying the conclusion that a violation of supervised release occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

2

Credibility determinations made by the district court at revocation hearings are rarely reviewable on appeal. United States v. Cates, 613 F.3d 856, 858 (6th Cir. 2010)

Trala incorrectly claims that the district court's finding that he violated release was based solely on its determination that Trala's testimony at the revocation hearing was not credible. To the contrary, the district court specifically based its finding on the evidence as a whole as well as its credibility determination against Trala. Further, evidence presented at the hearing fully supports the district court's finding. The evidence established that Trala possessed stolen ammunition and fired and attempted to sell a stolen Baretta. We conclude that the court did not clearly err in determining by a preponderance of the evidence that Trala committed the charged violations of supervised release.

II

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED