**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4943**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EARNEST ROUSE,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, Senior District
Judge.  (1:08-cr-00947-MBS-5)

─────────────

Submitted:  June 25, 2015            Decided:  June 29, 2015

─────────────

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

─────────────

Affirmed and remanded by unpublished per curiam opinion.

─────────────

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Kelly Wilson Hall, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earnest Kenneth Rouse appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court clearly erred by finding by a preponderance of the evidence that Rouse violated his supervised release by committing aggravated assault. Rouse was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This standard is met when the court "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). "[W]e review a district court's factual findings underlying a revocation for clear error." United States v. Padgett, ___ F.3d ___, ___, 2015 WL 3561289, at *1 (4th Cir. June 9, 2015). There is clear error if, after reviewing the record, we are "left with the definite and firm conviction that a mistake has been committed." United States v. Span, ___ F.3d ___, ___, 2015 WL

2

3541800, at *3 (4th Cir. June 8, 2015) (internal quotation marks omitted).

We conclude that the district court did not clearly err by finding by a preponderance of the evidence that Rouse committed aggravated assault, as the three victims testified that Rouse chased after them with a sword, threatening to kill them. Although Rouse denied committing the assaults, we defer to the district court's decision to credit the victims' testimony over Rouse's. See United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010) (holding that credibility determinations made by district court at revocation hearings are rarely reviewable on appeal).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We note, however, that the "Nature of Violation" 12 was Rouse's failure to pay restitution, not his commission of new criminal conduct, as stated on the revocation order. Accordingly, although we affirm the district court's judgment, we remand for correction of the clerical error.

This court requires that counsel inform Rouse, in writing, of the right to petition the Supreme Court of the United States for further review. If Rouse requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Rouse.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED