**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4497**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

      v.

MONTOYUA WALLER,

                 Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00303-NCT-1)

Submitted:  June 30, 2015            Decided:  July 21, 2015

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Kathleen A. Gleason, Assistant Federal Public Defenders, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Alena K. Baker, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montoyua Waller appeals the district court's judgment revoking his term of supervised release and sentencing him to a term of 48 months' imprisonment. Waller's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court properly found that Waller had committed a Grade A violation and whether his 48-month sentence is substantively reasonable. Waller has filed a pro se supplemental brief reiterating issues raised by counsel. At our request, counsel and the government submitted supplemental briefs addressing whether Waller's sentence was plainly unreasonable because the district court failed to adequately explain its chosen sentence. For the reasons that follow, we affirm in part and vacate and remand in part for resentencing.

To revoke supervised release, a district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion" and its "factual findings underlying a revocation for clear error." United States v. Padgett, ___ F.3d ___, ____, Nos. 14-4625, 14-4627, 2015 WL 3561289, at *1 (4th Cir. June 9, 2015). Credibility

2

determinations made by the district court at revocation hearings rarely are reversed on appeal. See United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010) ("Witness credibility is quintessentially a judgment call and virtually unassailable on appeal." (internal quotation marks omitted)). Because the standard of proof is less than that required for a criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own finding of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir. 1991).

Counsel questions whether the district court properly found a Grade A violation based on Waller's new criminal charges of felony second degree kidnapping and felony extortion. Counsel argues that the court failed to give any weight to the fact that Waller himself called the police during the offense, and failed to consider how this bolstered Waller's credibility. Additionally, counsel argues that the district court erred in denying Waller's request that the government take more exemplars of the victim's handwriting, and that the court should have reopened the evidentiary portion of the hearing. Counsel further asserts that because all of the criminal charges upon which the supervised release violation was based were later

3

dismissed or acquitted, the finding of a supervised release violation should be reversed.

We have thoroughly considered these claims in light of the record, including the transcript of the revocation hearing at which both Waller and the victim testified. We find no clear error in the district court's factual findings, and that the government proved the Grade A violation by a preponderance of the evidence. Accordingly, the claims lack merit, and revocation of Waller's supervised release was not an abuse of discretion.

We now turn to the reasonableness of Waller's sentence. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is plainly unreasonable if it "run[s] afoul of clearly settled law." Id. at 548.

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy

4

statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. See 18 U.S.C. § 3583(e) (2012); Thompson, 595 F.3d at 546-47. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

Counsel and Waller argued at sentencing that a sentence below the policy statement range was appropriate due to the circumstances of the offense, specifically the victim's provocation of the offense conduct by stealing and abandoning Waller's ex-wife's car. Waller pointed out that he had befriended and mentored the victim, that he himself called police multiple times as the offense was taking place, and that he needed to stay out of prison in order to support his family. Waller asserted that it was the victim's idea to attempt to extort money from his girlfriend to pay for the damage to the car and the lost keys.

When the court pronounced the sentence of 48 months, which was at the low end of the policy statement range of 46 to 52 months, the court did not cite or track the 18 U.S.C. § 3553(a) factors, explain what factors had been considered, or otherwise articulate how it had weighed the parties' arguments. Even for revocation sentences within the policy statement range, "a district court may not simply impose sentence without giving any indication of its reasons for doing so." Id. at 547. While the court asked questions and made comments at the sentencing hearing and was clearly very engaged, the court was cut off by Waller after pronouncing the sentence, and thereafter did not provide any explanation of its chosen sentence.

Accordingly, being mindful that a sufficient explanation is necessary "to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50, we vacate the sentence and remand for resentencing. We express no opinion regarding the merits of Waller's request for a lower sentence. In accordance with Anders, we have reviewed the entire record and have found no other meritorious issues for review. We therefore affirm all other aspects of the district court's judgment. This court requires that counsel inform Waller, in writing, of his right to petition the Supreme Court of the United States for further review. If Waller requests that a petition be filed, but counsel believes that such a

petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Waller. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED IN PART AND REMANDED</u>

7