**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4228**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

HARVEY HOOD, JR.,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:08-cr-00163-1)

---

Submitted:  September 15, 2015          Decided:  October 2, 2015

---

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Eric P. Bacaj, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Harvey Hood, Jr., was convicted of possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012), and was sentenced to 27 months' imprisonment, to be followed by a 3-year term of supervised release. The district court found that, after Hood's release from imprisonment, he violated the terms of his supervised release by committing the state crime of robbery and using controlled substances. The district court revoked Hood's supervised release and sentenced him to 24 months' imprisonment. On appeal, Hood argues that the district court abused its discretion in finding that he committed the robbery offense by making clearly erroneous factual findings.* We affirm.

To revoke supervised release, a district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). A district court's factual findings are reviewed for clear error. Id.

---

* Hood admitted to the controlled substances violation and does not contest this violation on appeal.

"A factual finding is clearly erroneous when we are 'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). "Witness credibility is quintessentially a judgment call and virtually unassailable on appeal." United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010) (quoting United States v. Bolden, 596 F.3d 976, 982 (8th. Cir. 2010)) (internal quotation marks omitted). We may, however, find clear error where "[d]ocuments or objective evidence . . . contradict the witness' story; or the story itself [is] so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).

We have reviewed the record and conclude that the district court did not clearly err in relying on the testimony of the victim to establish that Hood committed the state offense of robbery, and in so doing, finding that Hood violated a term of his supervised release. While the victim gave inconsistent statements to the police, they were not so inconsistent as to render the district court's reliance on her testimony unreasonable. The pictures of the victim's injuries are consistent with her account of the attack. Additionally, while the victim did not inform the police she was planning on selling

3

Hood heroin before the robbery, she did admit to using heroin, thus subjecting her to possible punitive sanctions based on her report to the police. Thus, we conclude the district court did not abuse its discretion in revoking Hood's supervised release.

Accordingly, we affirm the district court's order revoking supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED