**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4101**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

ALLEN DONNELL STANLEY,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00335-TDS-1)

———————

Submitted:  September 27, 2016      Decided:  October 4, 2016

———————

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

George E. Crump, III, Rockingham, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Donnell Stanley was convicted of violating several terms of his supervised release and was sentenced to 24 months in prison. Stanley now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Counsel questions, however, whether evidence at Stanley's revocation hearing supported a finding that Stanley possessed a firearm in violation of the terms of his release and whether the sentence is reasonable. Stanley was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

I

Stanley initially contends that there was insufficient evidence upon which to find that he possessed a firearm. "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). This "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). "[W]e review a district court's factual findings underlying a

2

revocation for clear error." Padgett, 788 F.3d at 373. Credibility determinations made by the district court at revocation hearings are rarely reviewable. United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010).

At Stanley's revocation hearing, an officer testified that, during a traffic stop, he ordered Stanley to exit the vehicle in which he was a passenger. As he got out of the car, Stanley bent over and had his back to the officer. Stanley began to flee but was immediately apprehended. A handgun was discovered in the area where Stanley had exited the vehicle. The officer testified that the gun was not there when he initiated the stop. Records revealed that Stanley had been charged three months earlier with possession of the same firearm.

Based on this testimony, which the district court found credible, the court determined that a preponderance of the evidence established that Stanley had violated a term of his release by possessing a firearm. After reviewing the record and giving due deference to the district court's credibility determination in favor of the officer, we conclude that the court did not clearly err in finding that Stanley violated the terms of release. Further, in light of the statutory requirement that release be revoked when the defendant possesses a firearm, see 18 U.S.C. § 3583(g)(2) (2012), revocation of Stanley's supervised release was not an abuse of discretion.

Stanley also contends that his 24-month sentence is unreasonable. A sentence imposed following revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Stanley does not dispute that he received the maximum sentence to which he was statutorily subject. We conclude that the sentence is procedurally reasonable: the district court considered both the Chapter 7 policy statements and the 18 U.S.C. § 3553(a) (2012) factors that it was permitted to consider. See id. at 438-40. Finally, we hold that the sentence also is substantively reasonable. The district court adequately explained its reasons for imposing the sentence, noting that Stanley possessed a firearm after having been previously convicted of being a felon in possession of a firearm, and that Stanley had absconded from probation twice. The court expressed the need for deterrence and said that its overarching concern was protecting the public.

III

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that

a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED