**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4349**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DEXTER N. SPEARS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:06-cr-00162-FDW-1)

_____

Submitted:  October 31, 2017                              Decided:  November 2, 2017

_____

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Simon Massie, MASSIE LAW, PLLC, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Erik Lindahl, Special Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2007, Dexter N. Spears pled guilty to possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012), and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced him to 87 months' imprisonment, to be followed by a 3-year term of supervised release. The district court found that while Spears was on supervised release, he violated the terms of his release by using cocaine and committing other new criminal conduct. On appeal, Spears contends that the district court clearly erred in crediting the victim's testimony in finding that he committed new criminal conduct. We affirm the district court's judgment.

To revoke supervised release, a district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). A district court's factual findings are reviewed for clear error. *Id.* However, a district court's finding that a witness is credible is "virtually unassailable on appeal." *United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010).

> [W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.

*United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985)).

2

Spears' argument on appeal is that the victim's testimony that he kicked in the front door of her apartment and assaulted her was not supported by the photographs of the damage to the door and her injuries. We disagree. The photographs of the door clearly show some force was applied to break the locks. Additionally, a law enforcement officer testified that he found a piece of the lock on the ground and that the door suffered recent damage.

The photographs of the victim's injuries are also not inconsistent with her testimony. While the victim did not suffer a visible injury to her neck, she did not testify that Spears strangled her—only that he placed his hands around her neck. Additionally, the photograph of the victim's knees show that her right knee was swollen, consistent with her description of a fall to her knees while disengaging from Spears' attack. This evidence does not call into question the district court's decision to credit the victim's testimony over that of Spears and another witness.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*