**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4796**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

TERRANCE ANDRE BUTLER, a/k/a Bronc,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:07-cr-00281-HMH-1)

Submitted:  July 26, 2018                                        Decided:  July 30, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Andre Butler appeals from the district court's order revoking his supervised release and imposing a 6-month term of imprisonment followed by 51 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in revoking Butler's supervised release and determining his sentence. The Government has declined to file a response. Butler has filed a pro se supplemental brief in which he argues that he was provided ineffective assistance of counsel at his revocation hearing. We affirm.

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). This "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). "[W]e review a district court's factual findings underlying a revocation for clear error." *Padgett*, 788 F.3d at 373. Credibility determinations made by the district court at revocation hearings are rarely reviewable. *United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010).

With these standards in mind, we have carefully reviewed the record and conclude that the district court did not clearly err by finding by a preponderance of the evidence that Butler committed a Grade C violation. At Butler's revocation hearing, an officer

2

testified that the alleged victim stated that Butler struck her about ten times. The officer's testimony was sufficiently corroborated by photographs of the victim's injuries, and the court found Butler's version of events incredible. Accordingly, we affirm the revocation of Butler's supervised release

We now turn to the reasonableness of Butler's sentence. We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual ch. 7, pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013).

The record does not reflect that the district court mentioned the § 3553(a) factors or provided any explanation for why it imposed a 6-month sentence. Thus, the sentence is at least arguably both substantively and procedurally unreasonable. However, we easily conclude that Butler's sentence was not "plainly unreasonable" because the sentence was at the low end of the recommended policy statement range and under the statutory maximum, and the record contains no basis on which to conclude that the sentence is clearly or obviously unreasonable.

Finally, in his pro se supplemental brief, Butler claims that his counsel was ineffective for refusing his requests to postpone the hearing and to call the alleged victim

3

as a witness. "Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 motion filed with the district court." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citation omitted). We find that ineffectiveness does not conclusively appear on the face of this record.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Butler, in writing, of the right to petition the Supreme Court of the United States for further review. If Butler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Butler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*