**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4476**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN KEITH ROGERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:10-cr-00235-FDW-DCK-1)

Submitted: April 16, 2020                          Decided: April 20, 2020

Before GREGORY, Chief Judge, and WYNN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Keith Rogers appeals the district court's judgment revoking his previously imposed term of supervised release.* The lone issue on appeal is whether the district court abused its discretion in finding that Rogers committed the alleged Grade A violation. We affirm.

We evaluate a district court's overall decision to revoke supervised release for an abuse of discretion and review for clear error the relevant factual findings underpinning that determination. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]" 18 U.S.C. § 3583(e)(3) (2018). Because the standard of proof is lower than that required for a criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own finding of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct or if the charges against him are dropped. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991); *see* U.S. Sentencing Guidelines § 7B1.1, p.s., cmt. n.1 (2011).

We conclude the district court did not abuse its discretion when it determined that the Government established, by a preponderance of the evidence, that Rogers committed the challenged "new law" violation alleged in the Revocation Petition, to wit: possession

_____

* The district court imposed a 24-month custodial term of imprisonment, which Rogers does not contest on appeal.

2

with intent to distribute fentanyl. In reaching this conclusion, the district court credited the in-person testimony of the other individual involved in the intercepted drug transaction, who offered clear and unequivocal testimony establishing his intent to purchase fentanyl from Rogers. Credibility determinations made by the district court at revocation hearings rarely are reversed on appeal. *Accord United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010) (conducting clear error review of revocation decision and recognizing that "[w]itness credibility is quintessentially a judgment call and virtually unassailable on appeal" (internal quotation marks omitted)). Upon review of the transcript of the revocation hearing, we find no clear error in either the court's rationale for crediting the adverse testimony or for rejecting Rogers' contrary testimony.

On this record, we conclude the district court did not abuse its discretion in determining that Rogers committed the alleged Grade A supervised release violation. Accordingly, we affirm the revocation judgment. We grant Rogers' motion for leave to file a physical exhibit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*