**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4001**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SONYA SKINNER,

Defendant – Appellant.

---

**No. 22-4013**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SONYA SKINNER,

Defendant – Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Roderick Charles Young, District Judge. (2:16-cr-00017-RCY-LRL-1; 2:21-cr- 00062-RCY-RJK-1)

---

Submitted:  February 17, 2023                    Decided:  April 4, 2023

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

―――――――

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Rodolfo Cejas, II, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Joseph Kosky, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sonya Skinner appeals from her convictions for four counts of bankruptcy fraud following a bench trial and her resulting 12-month within-Guidelines sentence. She also appeals the 18-month upward variance sentence imposed for violation of her supervised release. On appeal, she challenges the sufficiency of the evidence of her specific intent and the district court's explanation for her aggregate sentence. We vacate Skinner's revocation sentence and remand for further proceedings. We affirm the remainder of the district court's judgments.

Skinner first argues that the Government presented insufficient evidence of her specific intent. While Skinner moved for a judgment of acquittal after the close of the Government's case raising this issue, she did not renew her motion after trial. Accordingly, this argument is forfeited absent a manifest miscarriage of justice. *United States v. Duroseau,* 26 F.4th 674, 678 n.2 (4th Cir. 2022); *United States v. Fall,* 955 F.3d 363, 374 (4th Cir. 2020). "[T]he 'manifest miscarriage' language [is] simply a formulation of the plain-error test's application to insufficiency claims." *United States v. Delgado*, 672 F.3d 320, 331 n.9 (5th Cir. 2012) (en banc*); see also United States v. Norris*, 21 F.4th 188, 199 (1st Cir. 2021) (when insufficient evidence claim was not raised in Fed. R. Civ. P. 29 motion, claim is reviewed for plain error); *United States v. Chaparro*, 956 F.3d 462, 468 (7th Cir. 2020)(explaining that, because defendant did not renew Rule 29 motion, he "forfeited his sufficiency challenge," and court "reviews for a manifest miscarriage of justice" or "plain error" (internal quotation marks omitted)).

3

For a defendant to prevail under the plain-error standard, we must find that: "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "[A]n appellate court conducting plain-error review may consider the *entire* record—not just the record from the *particular proceeding* where the error occurred." *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) (emphasis in the original).

Bankruptcy fraud involves filing a bankruptcy petition with an intent to execute, conceal, or attempt to execute or conceal "a scheme or artifice to defraud." 18 U.S.C. § 157. To obtain a conviction on this offense, the Government must prove that Skinner acted with the specific intent to defraud. *See United States v. Yurek,* 925 F.3d 423, 439 (10th Cir. 2019). Specific intent to defraud requires the intent "to deprive one of something of value through a misrepresentation or other similar dishonest method, which indeed would cause him harm." *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012) (mail/wire fraud). Therefore, "to convict a person of defrauding another, more must be shown than simply an intent to lie to the victim or to make a false statement to him." *Id.* As the Supreme Court has explained, a scheme to defraud "must be one to deceive the [victim] *and* deprive [him or her] of something of value." *Shaw v. United States*, 580 U.S. 63, 72 (2016) (bank fraud) (emphasis in original). However, specific intent may be "inferred from the totality of the circumstances and need not be proven by direct evidence." *United States v. Godwin*, 272 F.3d 659, 666 (4th Cir. 2001).

4

Skinner avers that her false statements on various documents in her bankruptcy petition were due to misunderstandings and that the lack of motive evidence boosted the credibility of her testimony. This argument heavily relies upon Skinner's testimony that she did not understand the scope of the questions in the bankruptcy petition and made reasonable mistakes therein. However, the district court did not find Skinner to be a credible witness and, in fact, imposed an obstruction of justice enhancement based on her perjured testimony. Credibility determinations made by the district court are rarely reviewable on appeal. *United States v. Cates*, 613 F.3d 856, 858 (6th Cir. 2010) ("Witness credibility is quintessentially a judgment call and virtually unassailable on appeal."); *United States v. Oquendo-Rivera*, 586 F.3d 63, 67 (1st Cir. 2009) ("[T]he reviewing court must interpret the evidence in the light most favorable to the government, . . . and credibility is largely a matter for the fact-finder."). We afford the district court's credibility finding great deference and, thus, determine that Skinner has failed to show error, much less plain error.

Moreover, Skinner does not dispute that plain error is the appropriate standard of review, and yet she fails to address the plain error standard. Our review of the record does not reveal any plain error with regard to the sufficiency of the evidence. Accordingly, we affirm Skinner's convictions.

Turning to Skinner's sentence, for a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). A "district court's sentencing explanation need not be exhaustive or

5

robotically tick through [18 U.S.C.] § 3553(a) factors.  But the court's explanation must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up), *cert. denied*, 142 S. Ct. 724 (2021).  "The explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments . . . ." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted).

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted).  However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted). Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).

We find that the district court's explanation for Skinner's bankruptcy fraud within-Guidelines sentence sufficiently demonstrated that it considered the parties'

6

arguments and the relevant statutory factors. The court explicitly stated that it considered the parties' positions on sentencing and the arguments of counsel and noted that counsel contended that Skinner was not a danger to the community. The court expressed concern about the serious nature of Skinner's bankruptcy fraud, especially in light of prior court orders limiting Skinner's ability to file bankruptcy petitions. The court noted Skinner's normal childhood and considered that she had a master's degree and no history of drug abuse or mental health issues. The court further determined that Skinner's conduct was repetitive, even after prior punishments, and showed a "blatant disregard" for the court system. The court explicitly listed the 18 U.S.C. § 3553 factors that it considered and found both an upward and a downward variance inappropriate. We hold that the court's explanation of Skinner's within-Guidelines sentence was sufficient and that Skinner's 12-month sentence was procedurally reasonable.

Skinner also argues that her sentence imposed upon the revocation of her supervised release was procedurally unreasonable due to the lack of a sufficient explanation by the district court. Skinner's revocation Guidelines range was 4 to 10 months, and she was sentenced to an upward variance sentence of 18 months. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable. *Id.* Only if we find the sentence

7

procedurally and or substantively unreasonable, must we decide whether it is "plainly" so. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (stating that a plainly unreasonable sentence is one in which the error is clear and obvious). In doing so, this court is guided by "the same procedural and substantive considerations that guide [its] review of original sentences," but it takes "a more deferential appellate posture than [it] do[es] when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "[A] revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

"A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). An explanation is adequate if it permits this Court to determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially

8

meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

Here, Skinner adopted the arguments made at her sentencing for her fraud convictions, which was held the same day. There, she argued that she was not a risk to society and that, despite her lapses in judgment, she corrected her errors when they were pointed out. These were certainly not extensive arguments, and the district court stated that it considered the arguments of counsel and the relevant statutory factors.

However, the only individualized statement made by the district court in its explanation for the revocation sentence was factually incorrect. The court stated that Skinner filed "four fraudulent bankruptcy petitions while on a term of supervised release for filing fraudulent bankruptcy petitions." J.A. 95. However, Skinner was not on supervised release for filing fraudulent bankruptcy petitions; instead, she was on supervised release for convictions arising from her charging customers for bankruptcy petition preparation and legal advice, despite being enjoined by the court from doing so. Moreover, Skinner did not file four fraudulent bankruptcy petitions while on the instant supervised release; she only filed one, even though four charges arose from that filing.

Also, the district court did not address the upward variance or why the Guidelines range was insufficient. Given the court's failure to explain its sentence and its reliance on incorrect facts, we find that Skinner's revocation sentence was procedurally unreasonable.

Accordingly, we vacate Skinner's revocation sentence and remand for resentencing.

9

We affirm Skinner's bankruptcy fraud convictions and resulting sentence.* We dispense

with oral argument because the facts and contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART AND REMANDED*

---

\* We decline to address the additional claims raised in Skinner's pro se supplemental briefs. While counsel originally filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel has now filed a merits brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel).